# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: September 6, 2018

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

JAMES I. MORAN,                \*            UNPUBLISHED

                             \*

                             \*            No. 16-1224V

                             \*

            Petitioner,      \*            Special Master Gowen

v.                             \*

                             \*            Joint Stipulation; Influenza (Flu);

SECRETARY OF HEALTH         \*            Chronic Inflammatory

AND HUMAN SERVICES,        \*            Demyelinating Polyneuropathy

                             \*            ("CIDP").

            Respondent.      \*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Kate Gerayne Westad, Larkin Hoffman, et al., Ltd., Minneapolis, MN, for petitioner.
Voris Edward Johnson, United States Department of Justice, Washington, DC, for respondent.

## DECISION ON STIPULATION[1]

On September 29, 2016, James I. Moran ("Petitioner") filed a petition in the National Vaccine Injury Compensation Program ("Program").[2] Petition, ECF No. 1. Petitioner filed an amended petition on December 19, 2016, alleging that he suffered from Chronic Inflammatory Demyelinating Polyneuropathy ("CIDP") as a result of receiving the influenza ("flu") vaccination on October 1, 2013. Amended Petition at 1, ECF No. 9.

On September 5, 2018, the parties filed a joint stipulation in which they stated that a decision should be entered awarding compensation to petitioner. Stipulation for Award, ECF No. 37. Respondent denied that the flu vaccine caused petitioner's alleged CIDP and residual effects, or any other injury. *Id.* at ¶ 6.

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), **because this decision contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id.* **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding compensation to petitioner according to the terms of the joint stipulation attached hereto as Appendix A.

**The joint stipulation awards:**

**A lump sum of $175,000.00 in the form of a check payable to petitioner, James I. Moran, which amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).**

**I find the stipulation reasonable and I adopt it as the decision of the Court in awarding damages, on the terms set forth therein.**

Accordingly, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

_____
)
JAMES I. MORAN,                                 )
                                                )
                    Petitioner,                 )
                                                )        No. 16-1224V **(ECF)**
        v.                                      )        Special Master Gowen
                                                )
SECRETARY OF HEALTH                             )
AND HUMAN SERVICES,                             )
                                                )
                    Respondent.                 )
_____)

## **STIPULATION**

The parties hereby stipulate to the following matters:

1.      James I. Moran ("petitioner") filed a petition for vaccine compensation under the

National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to -34 (the "Vaccine

Program").  The petition seeks compensation for injuries allegedly sustained following

petitioner's receipt of an influenza ("flu") vaccine, which vaccine is contained in the Vaccine

Injury Table (the "Table"), 42 C.F.R. §100.3(a).

2.      Petitioner received a flu vaccine on October 1, 2013.

3.      The vaccine was administered within the United States.

4.      Petitioner alleges that he subsequently suffered Chronic Inflammatory

Demyelinating Polyneuropathy ("CIDP"), which petitioner alleges was caused-in-fact by his

receipt of the flu vaccine.  Petitioner further alleges that he experienced the residual effects of his

injury for more than six months.

5.      Petitioner represents that there has been no prior award or settlement of a civil

action for damages as a result of his condition.

6. Respondent denies that the flu vaccine caused petitioner's alleged CIDP and residual effects, or any other injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $175,000.00 in the form of a check payable to petitioner, James I. Moran, which amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and his attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act, 42 U.S.C. § 1396 et seq.), or by entities that provide health services on a pre-paid basis.

11. Payment made pursuant to paragraph 8 and any amounts awarded pursuant to

2

paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner, as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. In return for the payments described in paragraphs 8 and 9, petitioner, in his individual capacity, and on behalf of his heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the Secretary of Health and Human Services and the United States of America from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected  personal injuries to, or death of, petitioner resulting from, or alleged to have resulted from, the flu vaccine administered on October 1, 2013, as alleged by petitioner in a petition for vaccine compensation filed on or about September 29, 2016, in the United States Court of Federal Claims as petition No. 16-1224V.

14. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

15. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation, or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties'

3

settlement and this Stipulation shall be voidable at the sole discretion of either party.

16. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

17. This Stipulation shall not be construed as an admission by the United States of America or the Secretary of Health and Human Services that petitioner's alleged CIDP and residual effects, or any other injury, were caused-in-fact by the flu vaccine.

18. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, successors and/or assigns.

END OF STIPULATION

/
/
/
/
/
/
/
/
/
/
/
/
/
/
/

4

Respectfully submitted,

PETITIONER:

_____
JAMES I. MORAN

ATTORNEY OF RECORD FOR
PETITIONER:

_____
KATE G. WESTAD
Larkin Hoffman Daly & Lindgren Ltd.
8300 Norman Center Drive, Suite 1000
Minneapolis, MN 55437-1060
(952) 896-3227

AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

*Ward Sorensen for*
_____
NARAYAN NAIR, M.D.
Director, Division of Injury
    Compensation Programs (DICP)
Healthcare Systems Bureau
U.S. Department of Health
    and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 08N146B
Rockville, MD 20857

Dated: __9/5/18__

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

_____
CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

ATTORNEY OF RECORD FOR
RESPONDENT:

_____
VORIS E. JOHNSON, JR.
Senior Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 616-4136

5